**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RICHARD S. GORGONI, ALICE GORGONI, and ZAIDA GORGONI, ) ) ) | |
| Plaintiffs, ) ) | |
| v. ) ) | No. 11-cv-8583 |
| JPMORGAN CHASE BANK, N.A., ) ) | Judge Robert M. Dow, Jr. |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

Plaintiffs Richard S. Gorgoni, Alice Gorgoni, and Zaida Gorgoni filed a complaint against JPMorgan Chase Bank, N.A. ("Chase"), for quiet title, unjust enrichment, and violation of the federal Fair Debt Collection Practices Act. Before the Court is Defendant's motion [10] to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion to dismiss [10] is granted. Plaintiffs' request for leave to amend [see 15 at 6] is granted in part and denied in part.

**I.  Background**[1]

In 2006, the Gorgonis obtained a mortgage loan from Washington Mutual Bank ("WaMu") in connection with their property at 3450 West LeMoyne Street in Chicago. [1 at ¶¶ 1, 8-9.] On September 25, 2008, the federal Office of Thrift Supervision closed WaMu; the Federal Deposit Insurance Corporation ("FDIC") was appointed as receiver. [1 at ¶ 11.] That same day, the FDIC, as receiver of WaMu, entered into a purchase and assumption agreement with Chase. [1 at ¶ 11, 1-3.] Pursuant to an amendment, the agreement allegedly did not "close"

---

[1] On a motion to dismiss, the Court accepts as true all well-pleaded facts alleged by the plaintiff and all reasonable inferences that can be drawn from them. See *Barnes v. Briley*, 420 F.3d 673, 677 (7th Cir. 2005).

1

until September 30, 2010. [1 at ¶¶ 11-14, 1-5.] In the meantime, however, Chase sent monthly mortgage-loan statements to the Gorgonis, which they paid. [1 at ¶ 13, 1-4.]

The agreement, which was attached to the complaint, shows an execution date of September 25, 2008. [1-3 at 1, 33.] Article III of the agreement, "Purchase of Assets," provides, in relevant part:

> [T]he Assuming Bank hereby purchases from the Receiver, and the Receiver hereby sells, assigns, transfers, conveys, and delivers to the Assuming Bank, all right, title, and interest of the Receiver in and to all of the assets * * * of the Failed Bank, whether or not reflected on the books of the Failed Bank as of Bank Closing.

[1-3 at 9 ¶ 3.1.] The agreement defines "Assuming Bank" as Chase, "Receiver" as the FDIC, and "Failed Bank" as WaMu. [1-3 at 1.] The agreement also specifies that Chase could return to the FDIC assets that were "evidenced by forged or stolen instruments as of Bank Closing" until the "Settlement Date." [1-3 at 10 ¶ 3.4(b).] The amendment, which was also attached to the complaint, extends the Settlement Date to September 30, 2010. [1-5.]

On December 2, 2011, the Gorgonis filed their complaint in federal court. In Count I (quiet title), the Gorgonis allege that, by sending mortgage statements, Chase is attempting to cloud the Gorgoni's title by falsely intimating that it has an interest in the mortgage loan. [1 at ¶ 20.] In Count II (unjust enrichment), the Gorgonis allege that it would be unjust for Chase to retain the October 2008 to September 2010 mortgage payments, which should have been paid to the "true mortagee." [1 at ¶¶ 26, 31.] In Count III (violation of Fair Debt Collection Practices Act), the Gorgonis allege that Chase falsely represented that mortgage payments were owed to Chase and failed to include the written notice required by 15 U.S.C. § 1692g(a). [1 at ¶¶ 36-37.] The Gorgonis seek, among other things, a declaration that Chase has no interest in their property and restitution of their mortgage payments. [1 at ¶ 1.]

## II. Legal Standard

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of the complaint, not the merits of the case. See *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990). To survive a Rule 12(b)(6) motion to dismiss, the complaint first must comply with Rule 8(a) by providing "a short and plain statement of the claim showing that the pleader is entitled to relief," such that the defendant is given " 'fair notice of what the * * * claim is and the grounds upon which it rests.' " *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). Second, the factual allegations in the complaint must be sufficient to raise the possibility of relief above the " 'speculative level.' " *E.E.O.C. v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555, 569 n.14). "[O]nce a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Twombly*, 550 U.S. at 563.

Notably, "while we accept well-pleaded allegations as true and draw all reasonable inferences in favor of the plaintiff, to the extent that the terms of an attached contract conflict with the allegations of the complaint, the contract controls." *Centers v. Centennial Mortgage, Inc.*, 398 F.3d 930, 933 (7th Cir. 2005) (internal citations omitted). As a result, "[a] plaintiff may plead himself out of court by attaching documents to the complaint that indicate that he or she is not entitled to judgment." *Id.* (internal quotation omitted).

## III. Analysis

Chase primarily argues that the complaint should be dismissed because it is premised on a demonstrably false contention—namely, that Chase didn't acquire an interest in the Gorgonis'

mortgage loan until September 30, 2010. Even assuming otherwise, however, Chase maintains that Count III still fails. Accordingly, the Court will begin with Count III.

### A. Count III (Violation of the Fair Debt Collection Practices Act)

In Count III, the Gorgonis allege that Chase violated the Fair Debt Collection Practices Act by falsely representing that it was the "true servicer" of their mortgage loan and by failing to submit the required written notice. See 15 U.S.C. §§ 1692e, 1692g. Chase responds that the provisions at issue apply only to "debt collectors," with debt collectors being defined as those who, unlike Chase, "collect[] * * * debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6).

In response, the Gorgonis confusingly assert that Chase is a debt collector because it "collected payments Plaintiffs owed to the true creditor, * * * without forwarding the proceeds to the true creditor." [15 at 4.] The Court disagrees. The complaint alleges that Chase obtained mortgage payments for its own benefit (as confirmed by the attached mortgage-loan statements), while the Gorgonis' debt remained due to the "true mortgagee." Thus, there are no allegations of "debt collection" activity. See *Nwoke v. Countrywide Home Loans, Inc.*, 251 F. App'x 363, 365 (7th Cir. 2007) (affirming dismissal of FDCPA claim where defendant "attempted to collect its own debt, not another creditor's debt, using its own name").[2]

### B. Counts I and II (Quiet Title and Unjust Enrichment)

In Count I, the Gorgonis allege that Chase is attempting to cloud their title by falsely intimating that it has an interest in the mortgage loan. Similarly, in Count II, the Gorgonis allege that it would be unjust for Chase to retain the October 2008 to September 2010 mortgage payments because Chase was not the "true mortagee." Chase, on the other hand, argues that the

---

[2] Dismissing Count III does not destroy federal subject matter jurisdiction because the Gorgonis also allege facts supporting diversity jurisdiction. [1 at ¶¶ 2-3, 6.]

4

purchase and assumption agreement disproves the Gorgonis' allegation that Chase has no interest in the mortgage loan.

The Gorgonis allege that they obtained the mortgage loan from WaMu and that WaMu was closed on September 25, 2008. They also allege that, on that same day, the FDIC, as receiver of WaMu, entered into the agreement with Chase. The agreement provides that "[Chase] hereby purchases from the [FDIC], and the [FDIC] hereby sells, assigns, transfers, conveys, and delivers to [Chase], all right, title, and interest of the [FDIC] in and to all of the assets * * * of [WaMu], whether or not reflected on the books of [WaMu]." The amendment merely extends the time period for Chase to return to the FDIC assets that were "evidenced by forged or stolen instruments as of Bank Closing." Thus, the documents wholly contradict the Gorgonis' allegation that the agreement did not "close" until 2010.[3]

In response, the Gorgonis change course and argue that the complaint should not be dismissed because "it is entirely plausible—verging on probable—that [WaMu] had already sold off all interests in the [Gorgonis' mortgage loan] during the securitization frenzy of the years preceding the [a]greement." [15 at 3.] The Court disagrees. The complaint does not allege any facts to support this theory, nor does it identify the "true mortagee." Thus, the Gorgonis' argument is pure speculation, insufficient to survive a motion to dismiss under *Twombly*.

C.   **Leave to Amend**

The Gorgonis request that, should the complaint be dismissed, the dismissal be without prejudice and with leave to amend. [15 at 6.] Because the Gorgonis have failed to explain what

---

[3] While not grappling directly with the issue raised by the Gorgonis, a number of courts have noted that Chase's acquisition of WaMu's assets occurred in 2008 pursuant to the agreement. See, *e.g.*, *Yeomalakis v. F.D.I.C.*, 562 F.3d 56, 60 (1st Cir. 2009) ("When Washington Mutual failed, Chase Bank acquired many assets * * * *."); *Fernandes v. JPMorgan Chase Bank, N.A.*, 818 F. Supp. 2d 1086, 1088 (N.D. Ill. 2011) ("Thereafter, on September 25, 2008, the FDIC, as receiver of WaMu, facilitated Chase's purchase and acquisition of WaMu's assets through a Purchase and Assumption Agreement.").

their amendment would entail, the Court denies leave to file an amended complaint directly and without further scrutiny. See *Bethany Pharmacal Co. v. QVC, Inc.*, 241 F.3d 854, 861 (7th Cir. 2001) ("[T]he district court need not allow an amendment * * * when the amendment would be futile."). Instead, the Court gives the Gorgonis 21 days to file a *motion* for leave to amend. See *Bausch v. Stryker Corp.*, 630 F.3d 546, 562 (7th Cir. 2010) (reversing decision denying leave to amend where plaintiff submitted a revised complaint that was not futile). The Gorgonis should explain in the motion why they believe that the amended complaint is not futile and should attach their proposed amended complaint as an exhibit to the motion. If the motion is not filed or fails to cure the deficiencies described above, the Court will dismiss the case with prejudice.

## IV. Conclusion

For these reasons, Defendant's motion to dismiss [10] is granted. Plaintiffs' request for leave to amend [see 15 at 6] is granted in part and denied in part. The Court grants Plaintiffs 21 days to file a *motion* for leave to amend, if they believe that they can cure the deficiencies described above. Otherwise, the Court will dismiss the case with prejudice.

Dated: August 22, 2012 _____
Robert M. Dow, Jr.
United States District Judge